**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 22 B 1957 |
| MICHAEL SCOTT MOGAN, | ) | |
| | ) | |
| Debtor. | ) | Chapter 11 |
| | ) | |
| ——————————————— | ) | |
| | ) | |
| MICHAEL SCOTT MOGAN, | ) | |
| | ) | |
| Plaintiff, | ) | Adv. No. 23 A 330 |
| | ) | |
| v. | ) | |
| | ) | |
| SACKS, GLAZIER, FRANKLIN AND LODISE | ) | |
| LLP, KLINEDINST, P.C. and | ) | Judge David D. Cleary |
| NATASHA MAYAT, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This matter comes before the court on the motion of Sacks, Glazier, Franklin and Lodise LLP ("SGFL"), Klinedinst, P.C. ("Klinedinst") and Natasha Mayat ("Mayat") (collectively, "Defendants") to dismiss ("Motion to Dismiss") the first amended adversary complaint ("Amended Complaint") filed by Michael Mogan ("Plaintiff" or "Debtor" or "Mogan"). The court entered a briefing schedule. Plaintiff filed a response ("Response") and Defendants filed a reply ("Reply").

Having reviewed the Amended Complaint and the papers submitted, the court will grant the Motion to Dismiss. Since Plaintiff has already been afforded an opportunity to file an amended complaint, the court will grant the Motion to Dismiss with prejudice.

## I.   JURISDICTION

The court has subject matter jurisdiction under 28 U.S.C. § 1334(b) and the district court's Internal Operating Procedure 15(a).  This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B) and (O).  Venue is proper under 28 U.S.C. § 1409(a).

## II.   BACKGROUND

In resolving a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court considers well-pleaded facts and the reasonable inferences drawn from them in the light most favorable to the plaintiff.  *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010).  Every allegation that is well-pleaded by a plaintiff is taken as true in ruling on the motion.  *See Berger v. Nat'l Collegiate Athletic Ass'n*, 843 F.3d 285, 289-90 (7th Cir. 2016).  Here, Plaintiff's Amended Complaint alleges the following:

On February 22, 2022, Plaintiff filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code.  On April 4, 2022, he converted his bankruptcy case to one under chapter 11.  (Amended Complaint, ¶¶ 7 and 8; Case No. 22 B 1957, EOD 1 and 22.)

On November 28, 2022, SGFL filed a proof of claim in Plaintiff's bankruptcy case ("Proof of Claim").  It alleged that Plaintiff was obligated to SGFL for an "Attorneys Fees Obligation" in the amount of $16,399.  Mayat signed the proof of claim form, which includes the following statement: "I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.  I declare under penalty of perjury that the foregoing is true and correct."  (Amended Complaint, ¶ 12.)

SGFL did not claim that the debt was based upon a writing, express or implied, and did not attach any writing to the Proof of Claim.  (*Id.*, ¶ 13.)

Plaintiff did not owe a debt to SGFL.  (*Id.*, ¶ 16.)

2

Plaintiff did not list any debt to SGFL in his bankruptcy schedules because he had no reason to believe that he owed this debt. (*Id.*, ¶ 17.)

Defendants failed to maintain systems and procedures that could prevent the filing of a fraudulent claim in Plaintiff's bankruptcy case. (*Id.*, ¶ 18.)

Defendants filed the Proof of Claim as part of a scheme to improperly obtain payment on a debt that Plaintiff did not owe SGFL. (*Id.*, ¶ 19.)

Defendants misidentified Plaintiff as a debtor of SGFL in the Proof of Claim. (*Id.*, ¶ 20.)

Defendants made false representations in the Proof of Claim about the amount of the debt Plaintiff owed SGFL. (*Id.*, ¶ 21.)

In July 2023, Plaintiff filed an objection to the Proof of Claim ("Objection"). In the Objection, Plaintiff stated that he did not owe SGFL any attorneys' fees obligation and that SGFL was not a party to any civil proceedings in the Northern District of California with Plaintiff. (*Id.*, ¶ 22;[1] Case No. 22 B 1957, EOD 96 and 103.)

On or about September 19, 2023, Defendants filed a response to the Objection ("Objection Response"), requesting that this court overrule the Objection and allow the Proof of Claim in full. (Amended Complaint, ¶ 23; Case No. 22 B 1957, EOD 107.)

In the Objection Response, Defendants stated that SGFL had filed a motion for attorneys' fees against Plaintiff in the Northern District of California that was granted in the amount of $16,399. (Amended Complaint, ¶ 24; Case No. 22 B 1957, EOD 107).

---

[1] The paragraphs in the Amended Complaint are numbered 1 through 27, and then in Count I the numbering restarts at 22 and continues up to 29. This may be the result of cutting and pasting paragraphs 22 through 29 from the original complaint. In any event, all citations in this order are to the original paragraphs 1 through 27 of the Amended Complaint, except where indicated by "Count I" before the paragraph numbers.

Defendants further stated in the Objection Response that SGFL held an unsecured claim in the amount of $16,399 against Plaintiff.  (Amended Complaint, ¶ 25; Case No. 22 B 1957, EOD 107.)

Defendants misrepresented the legal status of the debt in the Proof of Claim, claiming that this was a debt that they could collect.  Defendants used a deceptive means to attempt to collect a debt by using the bankruptcy court and the proof of claim process.  (Amended Complaint, Count I ¶¶ 23-24.)

Plaintiff has suffered actual damages due to the conduct of Defendants.  (*Id.*, Count I ¶ 28.)

### III.    LEGAL DISCUSSION

**A.  Standard for a motion to dismiss for failure to state a claim**

To defeat a motion to dismiss under Fed. R. Civ. P. 12(b)(6), made applicable in bankruptcy proceedings by Fed. R. Bankr. P. 7012, a complaint must describe the claim in enough detail to give notice to the defendant.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).[2]  In addition, the complaint must be "plausible on its face."  *Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A complaint need only offer "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" Fed. R. Civ. P. 8(a)(2), unless the subject matter

---

[2] Although Plaintiff cited *Twombly* in the Response to the Motion to Dismiss, he also cited pre-*Twombly* precedent with an earlier standard for considering motions to dismiss. *See* Response, p. 2.  By citing these pre-*Twombly* cases, which suggest a lower bar for a complaint to survive a motion to dismiss, Plaintiff presented legal contentions that are not "warranted by existing law[.]" Fed. R. Bankr. P. 9011(b)(2). *Twombly* governs the Amended Complaint and the Motion to Dismiss.

4

of that pleading implicates a heightened standard, *see* Fed. R. Civ. P. 9. The circumstances supporting an action sounding in fraud must be articulated with particularity under Rule 9.

### 1. Taking judicial notice

Defendants filed a "Request for Judicial Notice in Support of Defendants' Motion to Dismiss First Amended Adversary Complaint" ("Judicial Notice Request"). Plaintiff filed his Objections in Opposition to Defendants' Request for Judicial Notice ("Opposition"). In the Judicial Notice Request, Defendants ask that the court take judicial notice of two documents:

- Order Re: Defendants' Motions for Attorneys' Fees and Costs, issued on May 9, 2022 by Magistrate Judge Thomas S. Hixson of the U.S. District Court for the Northern District of California in Mogan v. Sacks, Ricketts & Case LLP, 21-cv-08431-TSH ("May 2022 Order"); and

- complaint filed by Michael Mogan in the U.S. District Court for the Northern District of California ("N.D. Cal. Complaint").

  Federal Rule of Evidence 201 states:

  The court may judicially notice a fact that is not subject to reasonable dispute because it:

  (1) is generally known within the trial court's territorial jurisdiction; or

  (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

F.R.E. 201(b). Plaintiff opposes the Judicial Notice Request on the grounds that the May 2022 Order and the N.D. Cal. Complaint contain inadmissible hearsay.

These documents, however, are public records in a federal lawsuit. *See Daniel v. Cook Cnty.*, 833 F.3d 728, 742 (7th Cir. 2016) ("Courts routinely take judicial notice of the actions of other courts or the contents of filings in other courts."). *See also In the Matter of Lisse*, 905 F.3d 495, 496 (7th Cir. 2018) ("The 'Request' asks the court to take judicial notice of four documents. Two of them are orders entered by a state court in Wisconsin. They are public records and appropriate subjects of judicial notice."); Fed. R. Evid. 901(b)(7). Since the May 2022 Order

and the N.D. Cal. Complaint are filings entered on the docket of another federal court, it is appropriate for this court to take judicial notice of them.

Defendants' request to take judicial notice of "the facts contained within those documents," however, is too vague to be of any effect. Moreover, our Circuit has warned that "[t]aking judicial notice of the contents of hearsay statements in such filings to prove the truth of the matters is much harder to justify. We may take judicial notice of findings of fact from another court proceeding only if, among other requirements, the fact is not subject to reasonable dispute." *Daniel*, 833 F.3d at 742 (quotation omitted). Without a more specific request from Defendants, the court cannot determine whether any of the "facts" for which they wish judicial notice to be taken are in fact hearsay statements.

Therefore, the court will take judicial notice of the existence of the May 2022 Order and the N.D. Cal. Complaint but not of "the facts contained within those documents[.]"

**2. Reviewing matters outside the pleadings**

If the court reviews documents outside the pleadings, Fed. R. Civ. P. 12(d) may apply.

> (d) Result of Presenting Matters Outside the Pleadings. If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Plaintiff suggests that in taking judicial notice of the May 2022 Order and the N.D. Cal. Complaint, the court may be converting the Motion to Dismiss into one for summary judgment. This is not a concern. "The courts … have crafted a narrow exception to this rule to permit a district court to take judicial notice of matters of public record without converting a motion for failure to state a claim into a motion for summary judgment." *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). *See also Ennenga v. Starns*, 677 F.3d 766,

773 (7th Cir. 2012) ("[t]aking judicial notice of matters of public record need not convert a motion to dismiss into a motion for summary judgment").

Therefore, taking judicial notice of the May 2022 Order and the N.D. Cal. Complaint does not require the court to treat the Motion to Dismiss as one for summary judgment.

**B. The elements of a claim under the Fair Debt Collection Practices Act are not pleaded in the Amended Complaint**

**1. Elements of an FDCPA claim**

In the Amended Complaint, Plaintiff seeks relief under the Fair Debt Collection Practices Act ("FDCPA"). "Disruptive dinnertime calls, downright deceit, and more besides drew Congress's eye to the debt collection industry. From that scrutiny emerged the Fair Debt Collection Practices Act, a statute that authorizes private lawsuits and weighty fines designed to deter wayward collection practices." *Henson v. Santander Consumer USA Inc.*, 582 U.S. 79, 81 (2017). *See Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 320 (7th Cir. 2016) ("The Fair Debt Collection Practices Act is designed to protect consumers from abusive and unfair debt collection practices.").

Plaintiff alleges that Defendants violated 15 U.S.C. §§ 1692d, 1692e and 1692f. These statutes state in relevant part:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt….

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:…

(2) The false representation of--

(A) the character, amount, or legal status of any debt;…

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken [and] …

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer….

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

15 U.S.C. §§ 1692d, 1692e and 1692f.  *See Obduskey v. McCarthy & Holthus LLP*, 586 U.S. 466, 474 (2019) (The FDCPA "imposes myriad … requirements on debt collectors. For example, debt collectors may not use or threaten violence, or make repetitive annoying phone calls. Nor can debt collectors make false, deceptive, or misleading representations in connection with a debt, like misstating a debt's character, amount, or legal status.") (citations and quotation omitted).

The basis for Plaintiff's claim for relief is that by filing the Proof of Claim and attempting to collect a debt which could not legally be collected, Defendants violated these sections of the FDCPA.  In the Response, Plaintiff contends that the Amended Complaint sufficiently alleges that Defendants made false representations of the character, amount or legal status of a debt, that they threatened to take an action that cannot legally be taken, and that they used false representations to attempt to collect a debt.  *See* Response, p. 8.

**2. The Amended Complaint does not allege that each of the Defendants is a debt collector**

In the Motion to Dismiss, Defendants contend that the Amended Complaint should be dismissed because it does not contain allegations that each of them is a "debt collector."  Such an omission would be fatal to the Amended Complaint, because "[t]he FDCPA regulates only the conduct of 'debt collectors[.]'" *Ruth v. Triumph P'ships*, 577 F.3d 790, 796 (7th Cir. 2009). "[P]laintiff's complaint must be dismissed if it fails to raise a plausible inference that defendants were 'debt collectors' within the meaning of the FDCPA." *Stone v. Washington Mut. Bank*, No. 10 C 6410, 2011 WL 3678838, at *8 (N.D. Ill. Aug. 19, 2011).

8

The FDCPA defines the term "debt collector" as

any person who uses any instrumentality of interstate commerce or the mails in **any business the principal purpose of which is the collection of any debts**, or **who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another**.

15 U.S.C. § 1692a(6) (emphasis added).

Therefore, the two categories of persons who are debt collectors are those who do business "the principal purpose of which is the collection of any debts" and those "who regularly collect[] or attempt[] to collect, directly or indirectly, debts owed or due or asserted to be owed or due another[.]"  Courts have referred to these as the "principal purpose" definition and the "regularly collects" definition.  *See Husain v. Bank of Am., N.A.*, No. 18 CV 7646, 2020 WL 777293, at *4 (N.D. Ill. Feb. 18, 2020).[3]

Plaintiff asserts that in paragraphs 9, 10 and 11 of the Amended Complaint, he made allegations that would support a plausible inference that Defendants are debt collectors:

On information and belief, SGFL LLP is a limited liability partnership organized and existing under the laws of the State Of California.  SGFL LLP's principal place of business is: Sacks, Glazier, Franklin and Lodise LLP, 350 South Grand Ave. Suite 3500, Los Angeles, California 90071-3475.  SGFL LLP does business in this district by attempting to collect a debt and by filing a claim in a bankruptcy case in this district.

Defendant Klinedinst, P.C, is a corporation organized and existing under the laws of the State of California.  Klinedinst, P.C.'s registered agent in California is: Susan S. Nahama 501 W. Broadway, Ste. 1100, San Diego, CA  92101.  Klinedinst, P.C does business in this district by attempting to collect debts and by filing proofs of claim in a bankruptcy case in this district.

Defendant Natasha Mayat is an individual over the age of 18 years old who on information and belief is a resident of San Diego, California.  On information and belief, she resides at 8301 Distinctive Dr San Diego, CA 92108.  Defendant Natasha Mayat does business in this district by attempting to collect debts and by filing proof of claims in a bankruptcy case in this district.

---

[3] There is a third definition that applies to creditors collecting their own debts.  This could not apply here as Plaintiff alleged that he does not owe a debt to any of the Defendants.

9

Amended Complaint, ¶¶ 9-11.

The Amended Complaint alleges that each Defendant "does business in this district by attempting to collect debts[.]"  But, even taking this allegation against each Defendant in the light most favorable to Plaintiff, it does not allow the court to draw the reasonable inference that the *principal purpose* of the Defendants' businesses are the collection of debts or that the Defendants *regularly collect* debts.

Moreover, it is a conclusory allegation.  The court need not accept it as true for purposes of deciding the Motion to Dismiss.  *See Jeffries v. Wells Fargo Bank, NA*, No. 10-CV-5889, 2011 WL 5023396, at *5 (N.D. Ill. Oct. 19, 2011) ("Although Jeffries alleges that 'all defendants are debt collectors,' this Court is not required to accept conclusory allegations as true.") (citation omitted).

Additionally, Plaintiff alleges in these paragraphs that each of the Defendants do business in this district by filing proofs of claims in a bankruptcy case in this district.  As the court wrote in section III(A)(1), it may take judicial notice of facts that are not subject to reasonable dispute because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  F.R.E. 201(b).  The court performed searches for the names "Sacks Glazier Franklin and Lodise," "Klinedinst" and "Natasha Mayat" in the CM/ECF system for the U.S. Bankruptcy Court for the Northern District of Illinois, a source whose accuracy cannot reasonably be questioned.

The result of those searches was that Plaintiff's bankruptcy case, this adversary proceeding and another adversary proceeding related to Plaintiff's case are the *only* matters in which each of the Defendants appears in this district's CM/ECF system.  In light of these

10

judicially noticed facts, the court finds that paragraphs 9, 10 and 11 are not well-pleaded allegations that should be taken as true in deciding the Motion to Dismiss.

Therefore, the Amended Complaint does not contain any well-pleaded allegations that would support the reasonable inference that the Defendants engage in business the *principal purpose* of which is debt collection.  Neither does the Amended Complaint plead any allegations that would support the reasonable inference that the Defendants *regularly collect* or attempt to collect debts.

In the Response, Plaintiff assumes, without addressing Defendants' arguments, that they are "debt collectors."  He contends that attorneys can be debt collectors, and that someone who files a proof of claim is attempting to collect a debt.  The court has no dispute with these contentions.  *See Heintz v. Jenkins*, 514 U.S. 291, 294 (1995) ("The Act does apply to lawyers engaged in litigation."); *Midland Funding, LLC v. Johnson*, 581 U.S. 224, 235 (2017) ("filing (in a Chapter 13 bankruptcy proceeding) a proof of claim that is obviously time barred is not a false, deceptive, misleading, unfair, or unconscionable debt collection practice within the meaning of the Fair Debt Collection Practices Act").

Furthermore, Plaintiff is correct that the FDCPA prohibits misrepresentation of the amount of a debt, even if it is unintentional,[4] and that someone may violate the FDCPA by sending a letter seeking to collect an erroneous amount of debt.

But what all of Plaintiff's contentions assume is that the person who acted – the attorney, the proof of claim filer, the misrepresenter, the letter-sender – is a debt collector under the FDCPA.  In fact, however, the FDCPA does not apply to any of these people unless they are a "debt collector" *as defined in the statute*.  The Amended Complaint simply does not contain

---

[4] But, if the misrepresentation is unintentional and certain other requirements are met, the debt collector may not be held liable.  *See* 15 U.S.C. § 1692k(c).  *See also Midland Funding, LLC*, 581 U.S. at 234.

allegations from which the court may reasonably infer that Defendants are debt collectors under the FDCPA.

For all of the reasons stated above, the Amended Complaint fails to allege that each of the Defendants is a debt collector, and therefore does not state a claim for relief under the FDCPA.

### 3. The Amended Complaint does not allege that the underlying debt arises out of a transaction incurred for personal, family, or household purposes

Even if the Amended Complaint plausibly alleged that Defendants were debt collectors, there are other elements of the FDCPA that must be adequately pleaded. One of these is that the Defendants were attempting to collect a "debt" as defined in the FDCPA:

> The term "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

15 U.S.C. § 1692a(5).

Defendants contend that the debt sought in the Proof of Claim does not satisfy this definition, and therefore does not come within the ambit of the FDCPA. As the Seventh Circuit explained, to state a claim under the FDCPA a plaintiff must plausibly allege "that the debt in question arises out of a transaction incurred for personal, family, or household purposes." *Burton v. Kohn Law Firm, S.C.*, 934 F.3d 572, 579 (7th Cir. 2019).

Plaintiff argues that this definition is irrelevant because no debt ever existed between himself and SGFL. "Thus it is of no consequence that Defendants claim the debt was an attorney fees obligation as the nature of such debt is also a question of fact and Plaintiff alleged no such amount of any debt existed thus the amount was overstated." Response, p. 9.

As the court stated above, in order for a plaintiff to set forth a claim for relief under the FDCPA, that plaintiff must plausibly allege each of the required elements. If a complaint does

12

not plead that a debt arose from a transaction incurred primarily for personal, family, or household purposes – even if the plaintiff's contention is that the defendant was trying to collect a debt that does not exist – then the plaintiff has not plausibly alleged a claim for relief under the FDCPA.

The Seventh Circuit explained this concept in *Burton*:

> We … recognized recently that where, as here, a plaintiff maintains that the underlying debt was not his, he can nonetheless claim FDCPA protection by showing that the debt collector treated him as a 'consumer' allegedly owing a consumer debt. *Loja v. Main St. Acquisition Corp.*, 906 F.3d 680, 684 (7th Cir. 2018) (holding "that the definition of 'consumer' under the FDCPA includes consumers who have been alleged by debt collectors to owe debts that the consumers themselves contend they do not owe"). *However, a plaintiff proceeding under this theory still must offer evidence to establish that the debt was a consumer debt: in other words, that the debt was incurred for personal, family, or household purposes.*

934 F.3d at 580 (emphasis added).[5]  *See also Arora v. Midland Credit Mgmt., Inc.*, No. 15-CV-6109, 2022 WL 1262081, at *3 (N.D. Ill. Feb. 7, 2022) ("Even though Arora claims that the underlying debt was not his, he can nonetheless claim FDCPA protection….  To do so, Arora must offer evidence establishing that the Subject Debt is a consumer debt, i.e., a debt that was incurred primarily for personal, family, or household purposes.  If he does not, he cannot reach trial on his FDCPA claims.") (quotations and citations omitted); *Malasky v. Esposito,* No. 16-CV-04102-DMR, 2019 WL 79032, at *5-6 (N.D. Cal. Jan. 2, 2019), *aff'd*, 781 F. App'x 643 (9th Cir. 2019) (Dismissing an FDCPA claim where the funds that defendants allegedly attempted to collect were not a consumer debt owed by plaintiff; in light of the possibility that plaintiff was contending that unspecified defense costs constituted the debt, citing authority that a court-

---

[5] *Burton* was decided at the summary judgment stage.  Therefore, the issue was "whether Mr. Burton submitted sufficient evidence to create a triable issue of fact that the debt incurred on the Citibank account was for personal, family, or household purposes."  934 F.3d at 580 (footnote omitted).  The question before the court today is whether the Amended Complaint contains allegations sufficient to plead a claim for relief.

13

ordered obligation to pay attorneys' fees was not a consumer debt within the meaning of the FDCPA.); *Parham v. Seattle Serv. Bureau, Inc.*, 224 F. Supp. 3d 1268, 1272 (M.D. Fla.), *aff'd*, 656 F. App'x 474 (11th Cir. 2016) ("Plaintiff alleges that the Defendant violated the FDCPA and FCCPA by attempting to collect a debt he does not owe. While the Court is sympathetic to the Plaintiff's frustrations in being subjected to unwarranted collection efforts, the alleged debt, whether it exists or not, is traceable to an automobile accident; not to a consensual transaction. *Absent being able to link the debt at issue to a consensual transaction, real or fabricated, the Plaintiff fails to state a claim under the FDCPA* and FCCPA.") (emphasis added).

There are no allegations in the Amended Complaint that the "Attorneys Fees Obligation" which Defendants sought to collect from Plaintiff arose from a transaction incurred primarily for personal, family, or household purposes. Even though the Amended Complaint alleged that no debt was owed by Plaintiff to Defendant Sacks Glazier Franklin and Lodise, and that Defendants were trying to collect a debt that does not exist, without well-pleaded allegations that the debt arose from a transaction incurred primarily for personal, family, or household purposes, the Amended Complaint does not plausibly allege a claim for relief under the FDCPA.

## IV.    CONCLUSION

The Amended Complaint does not plausibly allege that Defendants are debt collectors or that there is a debt which arose from a transaction incurred primarily for personal, family, or household purposes. Without well-pleaded allegations from which the court can draw the reasonable inference that these elements are present and that the Defendants are liable, Plaintiff has failed to state a claim for relief under the FDCPA.

In his Response, Plaintiff requested the opportunity to file a second amended complaint, should the court grant the Motion to Dismiss. The request is not a new approach for Plaintiff.

14

After Defendants filed a substantive motion to dismiss the initial complaint and Plaintiff filed his response, this court took the matter under advisement and began its consideration of an opinion. Prior to ruling, at a status hearing, Plaintiff requested that the court remove the matter from under advisement and permit Plaintiff to amend the complaint. The court granted Plaintiff's request, setting a deadline for filing an amended complaint. Plaintiff then filed the Amended Complaint that is the subject of the current Motion to Dismiss.

Plaintiff asserts that because the court never ruled on Defendants' motion to dismiss his original complaint, he should be allowed a third bite at the apple. While the Seventh Circuit has instructed its lower courts that "a plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend her complaint before the entire action is dismissed[,]" *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 519 (7th Cir. 2015), there comes a point when amendment would be futile. This litigation has reached that point. While the court did not *rule* on the original motion to dismiss, Defendants devoted resources to preparing it and to appearing at continued hearings before Plaintiff filed the Amended Complaint. Defendants then filed this Motion to Dismiss, as well as a reply in support of it.

Moreover, Defendants argued in both the original motion to dismiss and in this Motion to Dismiss that Plaintiff had not alleged that any Defendant was a "debt collector" and that the underlying claim was not a "debt" under the FDCPA. Despite having the benefit of these arguments in Defendants' first motion to dismiss, Plaintiff made few changes between his original complaint and the Amended Complaint. Plaintiff was aware of Defendants' arguments yet did not tailor his Amended Complaint to resolve them. The court can only conclude that this

15

was because he was unable to do so within the confines of Fed. R. Bankr. P. 9011.  Therefore, it

would be futile to allow the filing of a second amended complaint.

For all of the reasons stated above, the court will enter an order consistent with this

Memorandum Opinion, granting the Motion to Dismiss with prejudice.

ENTERED:

Date:   September 12, 2024

DAVID D. CLEARY
United States Bankruptcy Judge

MLU

16