**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 22 B 1957 |
| MICHAEL SCOTT MOGAN, | ) | |
| | ) | |
| Debtor. | ) | Chapter 11 |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |
| | ) | |
| MICHAEL SCOTT MOGAN, | ) | |
| | ) | |
| Plaintiff, | ) | Adv. No. 23 A 330 |
| | ) | |
| v. | ) | |
| | ) | |
| SACKS, GLAZIER, FRANKLIN AND LODISE | ) | |
| LLP, KLINEDINST, P.C. and | ) | Judge David D. Cleary |
| NATASHA MAYAT, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT**

This matter comes before the court on the motion of Sacks, Glazier, Franklin and Lodise LLP ("SGFL"), Klinedinst, P.C. ("Klinedinst") and Natasha Mayat ("Mayat") (collectively, "Defendants") to dismiss ("Motion to Dismiss") the second amended adversary complaint ("Second Amended Complaint") filed by Michael Mogan ("Plaintiff" or "Mogan"). Following the filing of the Motion to Dismiss, the court entered a briefing schedule. Plaintiff filed a response ("Response") and Defendants filed a reply ("Reply").

Having reviewed the Second Amended Complaint and the papers submitted in support of and in opposition to the Motion to Dismiss, the court will grant the Motion to Dismiss with prejudice. Plaintiff will not be granted leave to file a third amended complaint.

I.     **JURISDICTION**

The court has subject matter jurisdiction under 28 U.S.C. § 1334(b) and the district court's Internal Operating Procedure 15(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B) and (O). Venue is proper under 28 U.S.C. § 1409(a).

II.     **BACKGROUND**

In resolving a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court considers well-pleaded facts and the reasonable inferences drawn from them in the light most favorable to the plaintiff. *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010). Every allegation that is well-pleaded by a plaintiff is taken as true in ruling on the motion. *See Berger v. Nat'l Collegiate Athletic Ass'n*, 843 F.3d 285, 289-90 (7th Cir. 2016). Here, Plaintiff's Second Amended Complaint and the court docket[1] contain the following factual allegations:[2]

On February 22, 2022, Plaintiff filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code. On April 4, 2022, he converted his bankruptcy case to one under chapter 11. (Second Amended Complaint, ¶ 8; Case No. 22 B 1957, EOD 1 and 22.)

Klinedinst is a corporation organized and existing under the laws of the State of California. Its registered agent is located in San Diego, California. It does business in this district by attempting to collect debts and by filing proofs of claim for both SGFL and Sacks

---

[1] The court may take judicial notice of its own docket. *See Collum v. City of Chicago* (*In re Collum*), 649 B.R. 186, 192 (Bankr. N.D. Ill. 2023). Taking judicial notice of the contents of the docket does not trigger the application of Fed. R. Civ. P. 12(d). *See Walden Inv. Group, LLC v. First Nations Bank* (*In re Montemurro*), 580 B.R. 490, 495 (Bankr. N.D. Ill. 2017).

[2] A number of statements in the "Factual Allegations" section of the Second Amended Complaint are legal conclusions. *See, e.g.*, Second Amended Complaint at ¶ 16 ("Lawyers who 'regularly' collect consumer debts are covered by the FDCPA. *Heintz v. Jenkins*, 514 U.S. 291 (1995)."). These legal conclusions are not taken as true in ruling on the Motion to Dismiss and the court will not view the reasonable inferences drawn from them in the light most favorable to the Plaintiff.

2

Ricketts and Case LLP ("SRC") in Plaintiff's bankruptcy case. (Second Amended Complaint, ¶ 10.)

Klinedinst operates a bankruptcy practice which is led in large part by partner Jonathan Cahill ("Cahill"), who has defended against bankruptcy litigation, alleged violations of the automatic stay, discharge injunction and confirmed plan terms. Cahill has represented creditors in all aspects of chapter 11 bankruptcy cases, appeals and adversary proceedings. He has advised clients on a national level regarding bankruptcy law and procedure, provided guidance to local counsel, negotiated claim treatment stipulations, mediation of bankruptcy disputes, and sales of real property. (*Id.*, ¶ 16.)

Mayat is an individual and a resident of San Diego, California. She does business in this district by attempting to collect debts and by filing proofs of claim in this bankruptcy case, including the SGFL proof of claim. (*Id.*, ¶ 11.)

SGFL is a limited liability partnership organized and existing under the laws of the State of California. Its principal place of business is in Los Angeles, California. It does business in this district by attempting to collect a debt and by filing a claim in a bankruptcy case as well as additional court filings in support of the claim. (*Id.*, ¶ 9.)

On November 28, 2022, SGFL filed a proof of claim in Plaintiff's bankruptcy case ("Proof of Claim"). It alleged that Plaintiff was obligated to SGFL for an "Attorneys Fees Obligation" in the amount of $16,399. Mayat signed the proof of claim form, which includes the following statement: "I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct. I declare under penalty of perjury that the foregoing is true and correct." (*Id.*, ¶ 12.)

Klinedinst and Mayat filed the proof of claim as part of their business, the principal purpose of which was the collection of a debt from Plaintiff. (*Id.*, ¶ 15.) Defendants filed the proof of claim for a profit motive as Defendants were engaged in the business to seek such a profit. (*Id.*, ¶ 19.)

SGFL did not claim that the debt was based upon a writing, express or implied, and did not attach any writing to the Proof of Claim. (*Id.*, ¶ 13.) Defendants stated that Plaintiff owed a debt for an "Attorney Fees Obligation" and made this statement pursuant to Fed. R. Bankr. P. 3001. (*Id.*, ¶ 17.)

Defendants attempted to collect a debt based on an order describing an attorney fee obligation owed to SRC, Michele Floyd and Jacqueline Young ("SRC Defendants"). (*Id.*, ¶ 18.)

Plaintiff did not owe a debt to SGFL. (*Id.*, ¶¶ 19, 21, 22, 30, 43.) Defendants filed a proof of claim in the wrong name. (*Id.*, ¶ 27.) Mayat made false statements in the Proof of Claim in stating that Plaintiff owed SGFL an attorney fee obligation and Plaintiff was subjected to Defendants' attempts to recover such amount listed in the Proof of Claim. (*Id.*, ¶ 29.)

Klinedinst and Mayat acted as representatives for SGFL and filed the proof of claim in its name. (*Id.*, ¶¶ 23, 25, 26.) Defendants filed the Proof of Claim and conducted attempts to collect the debt listed in the Proof of Claim. (*Id.*, ¶ 24.) Defendants had no significant involvement in the actual collection of any debt owed by Plaintiff. (*Id.*, ¶ 26.)

Plaintiff did not list any debt to SGFL in his bankruptcy schedules because he had no reason to believe that he owed this debt. (*Id.*, ¶ 32.)

Defendants failed to maintain systems and procedures that could prevent the filing of a false claim in Plaintiff's bankruptcy case. (*Id.*, ¶ 33.)

4

Defendants filed the Proof of Claim to obtain payment on a debt that Plaintiff did not owe SGFL.  (*Id.*, ¶ 34.)

Defendants misidentified Plaintiff as a debtor of SGFL in the Proof of Claim.  (*Id.*, ¶ 35.)

Defendants made false representations in the Proof of Claim about the amount of the debt Plaintiff owed SGFL.  (*Id.*, ¶ 36.)

In July 2023, Plaintiff filed an objection to the Proof of Claim ("Objection").  In the Objection, Plaintiff stated that he did not owe SGFL any attorneys' fees obligation and that SGFL was not a party to any civil proceedings in the Northern District of California with Plaintiff.  (*Id.*, ¶ 37; Case No. 22 B 1957, EOD 96 and 103.)

On or about September 19, 2023, Defendants filed a response to the Objection ("Objection Response"), requesting that this court overrule the Objection and allow the Proof of Claim in full.  (Second Amended Complaint, ¶¶ 9, 31, 38; Case No. 22 B 1957, EOD 107.)

In the Objection Response, Defendants stated that SGFL had filed a motion for attorneys' fees against Plaintiff in the Northern District of California that was granted in the amount of $16,399.  (Second Amended Complaint, ¶ 39; Case No. 22 B 1957, EOD 107).

Defendants further stated in the Objection Response that SGFL held an unsecured claim in the amount of $16,399 against Plaintiff.  (Second Amended Complaint, ¶ 40; Case No. 22 B 1957, EOD 107.)

Defendants claimed that the debt in the Proof of Claim was a debt that they could collect. Defendants used the bankruptcy court and the proof of claim process to attempt to collect a debt. (Second Amended Complaint, ¶¶ 44, 45.)

On October 13, 2023, SRC filed a proof of claim in Plaintiff's bankruptcy case that amended the Proof of Claim ("Amended Proof of Claim"). Plaintiff filed an objection to the Amended Proof of Claim. (Case No. 22 B 1957, EOD 121.)

Plaintiff has suffered actual damages due to the conduct of Defendants. (Second Amended Complaint, ¶ 49.)

Plaintiff filed this adversary proceeding on October 26, 2023. (Adv. No. 23 A 330, EOD 1.) Defendants filed a motion to dismiss the original complaint on November 27, 2023. (*Id.*, EOD 9.)

On February 27, 2024, SGFL filed a motion to withdraw the Proof of Claim. (Case No. 22 B 1957, EOD 173.) The court granted the motion to withdraw on March 6, 2024. (*Id.*, EOD 177.)

The court allowed Plaintiff an opportunity to file an amended complaint, which he did on March 27, 2024. (Adv. No. 23 A 330, EOD 18.) Defendants filed a motion to dismiss the amended complaint, which the parties briefed. (*Id.*, EOD 19, 27, 30.)

On May 7, 2024, SRC filed a motion to withdraw the Amended Proof of Claim. (Case No. 22 B 1957, EOD 196.) The court granted this motion on May 15, 2024. (*Id.*, EOD 198.)

The court took the motion to dismiss the amended complaint under advisement, and then granted it with prejudice on September 12, 2024. (Adv. No. 23 A 330, EOD 32, 33.)

In the Memorandum Opinion issued on September 12, 2024, this court took judicial notice of the existence of the Order Re: Defendants' Motions for Attorneys' Fees and Costs, issued on May 9, 2022 by Magistrate Judge Thomas S. Hixson of the U.S. District Court for the Northern District of California in *Mogan v. Sacks, Ricketts & Case LLP*, 21-cv-08431-TSH ("May 22 Order"). (*Id.*, EOD 32.) In the May 22 Order, among other rulings, Magistrate Judge

6

Hixson granted the SRC Defendants' motion for attorneys' fees against Mogan following the granting of their motion to dismiss under California's Anti-SLAPP Statute. (*Id.*, EOD 9.)

Plaintiff sought reconsideration of the September 12, 2024 order granting the motion to dismiss. The court allowed Plaintiff leave to file the second amended complaint, which he did on October 16, 2024. (*Id.*, EOD 45.) Defendants then filed the Motion to Dismiss, which the parties briefed. (*Id.*, EOD 48, 53, 54.)

### III.  LEGAL DISCUSSION

**A. Standard for a motion to dismiss for failure to state a claim**

To defeat a motion to dismiss under Fed. R. Civ. P. 12(b)(6), made applicable in bankruptcy proceedings by Fed. R. Bankr. P. 7012, a complaint must describe the claim in enough detail to give notice to the defendant. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).[3] In addition, the complaint must be "plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint need only offer "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2).

**B. Two elements of a claim under the Fair Debt Collection Practices Act are not pleaded in the Second Amended Complaint**

**1. Elements of an FDCPA claim**

In the Second Amended Complaint, Plaintiff seeks relief under the Fair Debt Collection Practices Act ("FDCPA"). "The primary goal of the FDCPA is to protect consumers from

---

[3] Although Plaintiff cited *Twombly* in the Response to the Motion to Dismiss, he also cited pre-*Twombly* precedent with an earlier standard for considering motions to dismiss. *See* Response, p. 2. By citing these pre-*Twombly* cases, which suggest a lower bar for a complaint to survive a motion to dismiss, Plaintiff presented legal contentions that are not "warranted by existing law[.]" Fed. R. Bankr. P. 9011(b)(2). *Twombly* governs the Second Amended Complaint and the Motion to Dismiss.

7

abusive, deceptive, and unfair debt collection practices, including threats of violence, use of obscene language, certain contacts with acquaintances of the consumer, late night phone calls, and simulated legal process." *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1324 (7th Cir. 1997).

Plaintiff alleges that Defendants violated 15 U.S.C. §§ 1692d, 1692e and 1692f. These statutes state in relevant part:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt….
>
> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:…
>
> > (2) The false representation of--
> >
> > > (A) the character, amount, or legal status of any debt;…
> >
> > (5) The threat to take any action that cannot legally be taken or that is not intended to be taken [and] …
> >
> > (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer….
>
> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

15 U.S.C. §§ 1692d, 1692e and 1692f.

The basis for Plaintiff's claim for relief is that by filing the Proof of Claim, Defendants violated these sections of the FDCPA. After three attempts, however, Plaintiff does not adequately plead that: (1) Defendants are debt collectors; and (2) the debt claimed in the proof of claim is based on a qualifying debt. A valid claim for relief under the FDCPA requires both.

8

## 2. The Second Amended Complaint does not allege that Defendants are debt collectors

Defendants contend that the Second Amended Complaint should be dismissed because it does not contain allegations that each of them is a "debt collector." Such an omission would be fatal to the Second Amended Complaint, because "[t]he FDCPA regulates only the conduct of 'debt collectors[.]'" *Ruth v. Triumph P'ships*, 577 F.3d 790, 796 (7th Cir. 2009). "[P]laintiff's complaint must be dismissed if it fails to raise a plausible inference that defendants were 'debt collectors' within the meaning of the FDCPA." *Stone v. Washington Mut. Bank*, No. 10 C 6410, 2011 WL 3678838, at *8 (N.D. Ill. Aug. 19, 2011).

> The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the ***principal purpose*** of which is the collection of any debts, or who ***regularly*** collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another…. [T]he term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.

15 U.S.C. § 1692a(6).

Therefore, the two categories of entities that are debt collectors are those who do business "the principal purpose of which is the collection of any debts" and those "who regularly collect[] or attempt[] to collect, directly or indirectly, debts owed or due or asserted to be owed or due another[.]"[4] Congress intended that lawyers are subject to the FDCPA whenever they meet the definition of "debt collector." *See Heintz v. Jenkins*, 514 U.S. 291, 299 (1995) ("we agree with the Seventh Circuit that the Act applies to attorneys who 'regularly' engage in consumer-debt-collection activity, even when that activity consists of litigation").

---

[4] For the purposes of 15 U.S.C. § 1692f(6) only, debt collector "also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests." Plaintiff has not alleged a claim for relief under § 1692f(6), which involves "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property[.]"

9

Plaintiff asserts that in paragraphs 16 and 18 of the Second Amended Complaint, he made allegations that would support a plausible inference that Defendants are debt collectors:

> The law firm of Klinedinst PC's operates a bankruptcy practice which is led in large part by partner Jonathan Cahill who is extremely well-versed in bankruptcy law, and has defended against bankruptcy litigation, alleged violations of the automatic stay, discharge injunction, and confirmed plan terms. He has represented creditors in all aspects of Chapter 11 bankruptcy cases, appeals, and adversary proceedings. Mr. Cahill has advised clients on a national level regarding bankruptcy law and procedure, provided guidance to local counsel, negotiated claim treatment stipulations, mediation of bankruptcy disputes, and sales of real property. Thus Defendants Klinedinst PC's and Natasha Mayat regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.
>
> Defendants were acting as debt collectors as they attempted to collect a debt based on an order describing an attorney fee obligation owed to Sacks Ricketts Case LLP, Michele Floyd and Jacqueline Young.

Second Amended Complaint, ¶¶ 16, 18.

The Second Amended Complaint also alleges that each Defendant does business in this district by attempting to collect a debt and filing a proof of claim:

> SGFL LLP does business in this district by attempting to collect a debt and by filing a claim in a bankruptcy case in this district and additional court filings in support thereof including their responses to Plaintiff's objection to their proof of claim.
>
> Klinedinst, P.C. does business in this district by attempting to collect debts and by filing proofs of claim for both Sacks, Glazier, Franklin and Lodise LLP and Sacks Ricketts and Case LLP for Plaintiff's bankruptcy case in this district.
>
> Defendant Natasha Mayat does business in this district by attempting to collect debts and by filing proof of claims in a bankruptcy case in this district including the Sacks, Glazier, Franklin and Lodise LLP proof of claim filed.

Second Amended Complaint, ¶¶ 9, 10, 11.

None of these allegations allow the court to draw the reasonable inference that SGFL is a "debt collector" under the FDCPA. The only allegation relating to SGFL's business states that it attempted to collect "a debt," that it filed one proof of claim, and that it filed a response in

10

opposition to Plaintiff's claim objection. Even taking the allegations in the light most favorable to Plaintiff, the court cannot draw the reasonable inference that the *principal purpose* of SGFL's business is the collection of debts or that SGFL *regularly collects* debts.

Plaintiff also argues that the true creditor, SRC, was using a name other than its own. *See* Response, p. 11. "[U]nder the 'false name' exception, creditors who use a name other than their own in the process of collecting their debts are not exempt." *Wood v. Cap. One Servs., LLC*, 718 F. Supp. 2d 286, 289 (N.D.N.Y. 2010). This argument is not germane to the question of whether SGFL, Klinedinst and Mayat are debt collectors. It would only be relevant if Plaintiff had named SRC as a defendant. He did not.

Moreover, the allegations regarding Klinedinst and Mayat's attempt to *collect this debt* and *filing this proof of claim* do not support the reasonable inference that they engage in business the principal purpose of which is debt collection or that they regularly collect or attempt to collect debts. If attempts to collect the one debt that is the subject of an FDCPA claim were sufficient to find that a defendant is a debt collector, then the definition of "debt collector" would be meaningless. Every defendant who attempted to collect one debt would be a debt collector.

Plaintiff made additional allegations regarding Klinedinst. He alleged that Klinedinst operates a national bankruptcy practice, led by Jonathan Cahill who "represented creditors in all aspects of Chapter 11 bankruptcy cases, appeals, and adversary proceedings." Second Amended Complaint, ¶ 16. Based on the general description of Cahill's practice and the allegations that Klinedinst maintains a national bankruptcy practice, Plaintiff concludes that Klinedinst and Mayat are debt collectors.

These contentions, however, do not allege any facts to support an allegation that Klinedinst's and Mayat's principal purpose of business is debt collection, or that they regularly

11

Document Page 12 of 18

collect debts of others. In fact, the allegations set forth conclusions supporting nothing more than that Cahill leads Klinedinst's full service restructuring practice without any factual basis supporting whether the practice relates to consumer or commercial parties, or whether such practice is regularly focused on transactional or enforcement work.

The court acknowledges that at the motion to dismiss stage, Plaintiff need not "make a sufficient *showing*" that any of the Defendants are debt collectors. *Blanton v. RoundPoint Mortg. Servicing Corp.*, 825 F. App'x 369, 372 (7th Cir. 2020) (emphasis added) (unpublished order). But he still must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The Second Amended Complaint does not contain any well-pleaded allegations that would support the reasonable inference that the Defendants engage in business the principal purpose of which is debt collection. Neither does the Second Amended Complaint plead any allegations that would support the reasonable inference that the Defendants regularly collect or attempt to collect debts covered by the FDCPA.[5]

For all of the reasons stated above, the Second Amended Complaint fails to allege that Defendants are debt collectors, and therefore does not state a claim for relief under the FDCPA.

---

[5] On pages 11-12 of his Response, Plaintiff discusses 15 U.S.C. § 1692j, which holds persons who "design, compile, and furnish any form … liable to the same extent and in the same manner as a debt collector" if they know that the form would be used to create a false belief that someone other than the creditor is participating in debt collection, "when in fact such person is not so participating." For the Defendants to face a claim for relief under § 1692j, they "must have designed, compiled, *and* furnished the allegedly deceptive forms." *Gutierrez v. AT&T Broadband, LLC*, 382 F.3d 725, 735 (7th Cir. 2004). There are no allegations in the Second Amended Complaint that would support such a claim for relief.

### 3. The Second Amended Complaint does not allege that the underlying debt arises out of a transaction incurred for personal, family, or household purposes

Even if the Second Amended Complaint plausibly alleged that Defendants are debt collectors, the court must also consider whether it alleged that they were attempting to collect a "debt" as defined in the FDCPA:

> The term "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

15 U.S.C. § 1692a(5). *See Heintz*, 514 U.S. at 293; *Burton v. Kohn Law Firm, S.C.*, 934 F.3d 572, 579-80 (7th Cir. 2019). The FDCPA applies only if what Defendants sought to recover in the proof of claim constitutes a debt within the meaning of the statute. *See Spiegel v. Kim*, 952 F.3d 844, 847 (7th Cir. 2020).

Plaintiff argues that "the fact that a claim arising out of a transaction by a consumer is cast in terms of a tort or statutory violation rather than breach of contract does not deprive the consumer of the protection of the FDCPA when collection agencies or collection lawyers ask the consumer to pay." Response, p. 12. Plaintiff cites *Brown v. Budget Rent-A-Car Systems, Inc.*, 119 F.3d 922 (11th Cir. 1997) in support of his argument, but *Brown* does not support Plaintiff's contention and is factually distinguishable. Although the debt in *Brown* stemmed from an accident, the underlying transaction was one for personal, family or household purposes – the debtor had rented a truck in connection with his move from Connecticut to Florida. By contrast, in the Second Amended Complaint (as in the original and first amended complaints), there are no allegations that the debt stems from a transaction for personal, family, or household purposes.

Plaintiff cites *Lox v. CDA, Ltd.*, 689 F.3d 818 (7th Cir. 2012), in support of the proposition that "adding unauthorized amounts to debts, e.g., attorneys' fees, is a violation [of the

13

FDCPA]." Response, p. 14. This proposition, however, assumes that the Second Amended Complaint alleged the existence of an underlying *debt*, as defined in the FDCPA, to which Defendants threatened to *add* unauthorized attorneys' fees. Throughout the Second Amended Complaint, however, Plaintiff consistently alleged that the attorneys' fees *were* the alleged obligation, and that the basis of Defendants' proof of claim was an "Attorney Fees Obligation" in the amount of $16,399. *See* Second Amended Complaint, ¶¶ 12, 17, 18, 25, 29, 30, 37, 39.

Plaintiff argues that certain provisions of the FDCPA are not limited to the protection of "consumers." Response, pp. 6-7, 9. He is correct that persons who are not alleged to owe money but who are subjected to improper practices by debt collectors may be entitled to the protection of the FDCPA. *See Dutton v. Wolhar*, 809 F. Supp. 1130, 1135 (D. Del. 1992) ("It was Congress's intent to protect people other than debtors, such as plaintiff Dutton, who are subject to harassment by debt collectors."). *See also McGown v. Silverman & Borenstein, PLLC*, No. 13-CV-748-RGA/MPT, 2014 WL 459793, at *4 (D. Del. Feb. 3, 2014), *report and recommendation adopted*, No. 13-CV-748-RGA/MPT, 2014 WL 1623773 (D. Del. Apr. 23, 2014). While this argument is accurate, it is irrelevant. As Defendants acknowledge, "whether Mogan as an *individual* falls with[in] the statute has never been at issue." Reply, p. 5.

Plaintiff also contends that "by attempting to collect a consumer debt which could not legally be collected, Defendants violated the FDCPA." Response, p. 8. This contention is accurate as well. Attempting to collect a debt that is time-barred or otherwise not legally enforceable may violate the FDCPA.[6]

---

[6] Or, it may not. *See Owens v. LVNV Funding, LLC*, 832 F.3d 726, 734 (7th Cir. 2016) ("[A] proof of claim on a time-barred debt does not purport to be anything other than a claim subject to dispute in the bankruptcy case. Filing such a proof of claim is not inherently misleading or deceptive.").

The underlying debt, however, must still be alleged to have arisen from a transaction incurred primarily for personal, family, or household purposes. If not, then the plaintiff has not plausibly alleged a claim for relief under the FDCPA.

The Seventh Circuit explained this concept in *Burton*:

> We … recognized recently that where, as here, a plaintiff maintains that the underlying debt was not his, he can nonetheless claim FDCPA protection by showing that the debt collector treated him as a 'consumer' allegedly owing a consumer debt. *Loja v. Main St. Acquisition Corp.*, 906 F.3d 680, 684 (7th Cir. 2018) (holding "that the definition of 'consumer' under the FDCPA includes consumers who have been alleged by debt collectors to owe debts that the consumers themselves contend they do not owe"). *However, a plaintiff proceeding under this theory still must offer evidence to establish that the debt was a consumer debt: in other words, that the debt was incurred for personal, family, or household purposes*.

934 F.3d at 580 (emphasis added).[7] *See also Arora v. Midland Credit Mgmt., Inc.*, No. 15-CV-6109, 2022 WL 1262081, at *3 (N.D. Ill. Feb. 7, 2022) ("Even though Arora claims that the underlying debt was not his, he can nonetheless claim FDCPA protection…. To do so, Arora must offer evidence establishing that the Subject Debt is a consumer debt, i.e., a debt that was incurred primarily for personal, family, or household purposes. If he does not, he cannot reach trial on his FDCPA claims.") (quotations and citations omitted); *Parham v. Seattle Serv. Bureau, Inc.*, 224 F. Supp. 3d 1268, 1272 (M.D. Fla.), *aff'd*, 656 F. App'x 474 (11th Cir. 2016) ("Plaintiff alleges that the Defendant violated the FDCPA and FCCPA by attempting to collect a debt he does not owe…. Absent being able to link the debt at issue to a consensual transaction, real or fabricated, the Plaintiff fails to state a claim under the FDCPA and FCCPA.").

---

[7] *Burton* was decided at the summary judgment stage. Therefore, the issue was "whether Mr. Burton submitted sufficient evidence to create a triable issue of fact that the debt incurred on the Citibank account was for personal, family, or household purposes." 934 F.3d at 580 (footnote omitted). The question before the court today is whether the Second Amended Complaint contains allegations sufficient to plead a claim for relief.

15

In summary, even though the Second Amended Complaint asserts that no debt was owed by Plaintiff to SGFL, and "thus it was a phantom debt" according to paragraph 19, Plaintiff alleges that there was a debt that Defendants were attempting to collect – the Attorney Fees Obligation. *See* Second Amended Complaint, ¶¶ 12, 17, 18, 25, 29, 30, 37, 39. Without well-pleaded allegations that *the subject debt arose from a transaction incurred primarily for personal, family, or household purposes*, the Second Amended Complaint does not plausibly allege a claim for relief under the FDCPA.

## IV. CONCLUSION

The Second Amended Complaint does not plausibly allege either that Defendants are debt collectors or that there is a debt which arose from a transaction incurred primarily for personal, family, or household purposes. As a result, Plaintiff has failed to state a claim for relief under the FDCPA.

In his Response, Plaintiff requested the opportunity to file a third amended complaint, should the court grant the Motion to Dismiss. But Plaintiff has already had multiple attempts to adequately plead a cause of action. After Defendants filed a substantive motion to dismiss the original complaint and Plaintiff filed his response, the court took the matter under advisement. At a subsequent status hearing, Plaintiff requested that the court remove the matter from under advisement and permit Plaintiff to amend the complaint.

The court granted Plaintiff's request, and Plaintiff filed a first amended complaint. Defendants filed a motion to dismiss it, Plaintiff filed a response and Defendants filed a reply. The court took the matter under advisement, and then issued an opinion and order dismissing the first amended complaint with prejudice.

16

Plaintiff filed a motion to alter or amend the court's order, requesting reconsideration of the court's ruling. Defendants did not file a notice of objection to the motion for reconsideration, and the court granted it. Two days later, Defendants filed their own motion, explaining that they had misread the notice of Plaintiff's motion and asking the court to reconsider its order granting it. In the meantime, Plaintiff filed this Second Amended Complaint. Defendants filed the Motion to Dismiss, which the parties briefed as discussed above.

In all three motions to dismiss, Defendants argued that Plaintiff had not alleged that any Defendant was a "debt collector" and that the underlying claim was not a "debt" under the FDCPA. In its opinion granting the motion to dismiss Plaintiff's first amended complaint, the court discussed these arguments at length.

Plaintiff has now had three opportunities to adequately plead his claims for relief under the FDCPA.

> Leave to amend need not be granted where the proposed amendment would not result in the plaintiff succeeding in stating a viable legal claim. The district court was right to see Spiegel's proposed amendment as futile. He does no more in his proposed amendment than repeat his contention that Kim improperly demanded attorneys' fees. Nowhere, however, does Spiegel explain how those fees constitute a "debt" under the FDCPA's limited and consumer-protection-focused definition of that term.

*Spiegel*, 952 F.3d at 847 (affirming the district court's decision to deny leave to amend) (citation omitted). There comes a point at which further amendment would be futile. The court will not grant Plaintiff leave to file a third amended complaint.

For all of the reasons stated above, **IT IS ORDERED THAT** the Motion to Dismiss is **GRANTED** with prejudice.

ENTERED:

Date: May 23, 2025

DAVID D. CLEARY
United States Bankruptcy Judge

MLU